Mr. Chief Justice Shamev
delivered the opinion of the court.
This suit was instituted by the defendant in error on four promissory notes, made by Fairchild, Jones, & Co. with1 John A. Fairchild, Jordan Elder, and Daniel Thomas as their sureties. Two errors are assigned : 1st. that the court erred in permitting the notes offered to be read in evidence on account of a variance; and 2d. that the court erred in refusing to charge the jury as requested by the counsel for the plaintiffs in error.
The variance complained of is this: the declaration described the notes as being signed by Fairchild, Jones, & Co: the notes offered contained their signature with the words «in liquidation” added to it. These words constituted no part of the signature or description of the firm; nor do they in any way vary the contract described in the declaration. Nor do we know that they necessarily indicate a dissolution-of the firm. They were probably added to denote the purpose for which the notes were given. A mere addition of this kind need not be noticed in the declaration,' and if omitted it does not amount to a variance. If the legal effect of the contract be truly stated, it is sufficient; an addition which is added to distinguish one person from another of the same name, may be properly used; but a mere addition denoting the character in which the party signs, or the purposes for which the note was made, may be safely omitted.
One of the firm of Fairchild, Jones, & Co. to wit, James Richey, *605 by plea verified by affidavit, denied the making of the note, which denial was not contested, and thereupon Fairchild, Elder and Thomas moved the court to instruct the jury, that if they found for Richey, then because the cause of action would be different from that described, they must also find for the other defendants, which charge the court refused to give.
The common law on this subject has undergone material alterations by statutory provisions. 1. The holder of a bill, bond or note, may sue any number of the obligors in the same action. 2. All promises by partners are declared to be joint and several. 3. In actions against copartners, it is sufficient to declare against one or more, either severally or as copartners, alledging the liability to have arisen by the promise of the party sued, under such signature as the writing exhibits. 4. In actions on bills or notes, the makers and endorsers must be sued in one action, and the jury may render a verdict in favor of part of the defendants and against the others. These several provisions were designed to simplify proceedings on notes or bills, and to obviate difficulties which might arise in pursuing the course of the common law, and the case before us falls within the spirit of these enactments. Richey’s name was not to the note, but he was sued as one of the firm of Fairchild, Jones, & Co. He denied the execution of the note under oath. This was equivalent to denying that he was a member of the firm, since if he were a member of the firm, and the note was signed by any one of them for -a legitimate purpose, it was still his note. Fairehild & Jones were not thereby exempted from liability; they also should have denied the making of the note under oath, in" order to exonerate themselves. By pleading to the merits, they admitted their liability, and so did Elder and Thomas. Under the influence of these several provisions, we do not feel at liberty to reverse the judgment, whatever the.common law rule may be.
Judgment affirmed.